## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WHITEFORD, TAYLOR, PRESTON, LLP | * | |
| | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. 1:25-cv-03079-SAG |
| | * | |
| VICKY McCAULEY, et al. | * | |
| | * | |
| Defendants. | * | |

### PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT VICKY McCAULEY'S COUNTERCLAIM

Plaintiff/Counter-Defendant, Whiteford, Taylor, Preston, LLP ("Whiteford" or "WTP" or the "Firm"), hereby submits its Answer and Affirmative Defenses to Defendant/Counter-Plaintiff Vicky McCauley's ("Defendant" or "McCauley" or "Counter-Plaintiff") Counterclaim, and states as follows:

### INTRODUCTION

Whiteford is not required to admit or deny the introductory paragraphs of McCauley's Counterclaim; however, Whiteford generally denies all liability and damages asserted against it by McCauley.

### PARTIES

1.    Admitted.

2.    Admitted.

### JURISDICTION

3.    The allegations in Paragraph 3 consist of a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

1

4.      The allegations in Paragraph 4 consist of a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

## BACKGROUND

5.      Whiteford is without sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 and therefore denies the same.  Whiteford admits the remaining allegations in Paragraph 5.

6.      Whiteford admits the allegations in the first sentence of Paragraph 6.  Whiteford also admits that McCauley submitted her notice of resignation.  Whiteford is without sufficient information to form a belief as to what McCauley assumed, and therefore denies the remaining allegations in Paragraph 6.

7.      Whiteford is without sufficient information to form a belief as to what McCauley allegedly learned or was aware of, and therefore denies the allegations in Paragraph 7.

8.      Whiteford is without sufficient information to form a belief as to the truth of the allegations in Paragraph 8 and therefore denies the same.

9.      Whiteford admits that several clients requested to transfer their files, but denies that McCauley, Williams, and/or EP followed a legitimate process to obtain those files. Whiteford denies the remaining allegations in Paragraph 9.

10.     Whiteford is without sufficient information to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies the same.

11.     Denied.

12.     Denied.

13.     Whiteford is without sufficient information to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14. Denied.

15. Whiteford is without sufficient information to form a belief as to the truth of the allegations in the final sentence of Paragraph 15 and therefore denies the same.  Whiteford admits the remaining allegations in Paragraph 15.

16. Denied.

17. Whiteford is without sufficient information to form a belief as to the explanation provided by Offit Kurman to EP and/or McCauley regarding their terminations.  Whiteford denies the remaining allegations in Paragraph 17.

18. Whiteford admits that it sought authorization from clients prior to releasing their files, and that it would not release any client files absent client authorization.  Whiteford denies the remaining allegations in Paragraph 18.

19. Denied.

## COUNT ONE
### (Tortious Interference with Business Relationship)

20. Whiteford repeats and incorporates the responses to the foregoing paragraphs as if fully set forth herein.

21. The allegations in Paragraph 21 consist of a legal conclusion to which no response is required.  To the extent a response is required, the allegations are denied.

22. Denied.

23. Denied.

24. Whiteford denies that it engaged in any wrongful conduct.  Whiteford lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 24 and therefore denies the same.

25.     Whiteford lacks sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore denies the same.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

## PRAYER FOR RELIEF

Whiteford is not required to admit or deny McCauley's requested relief.  Whiteford denies, however, that McCauley's claim has merit, and denies that McCauley is entitled to any of the relief requested.

## JURY DEMAND

Whiteford is not required to admit or deny McCauley's jury demand.

To the extent that any allegation in McCauley's Counterclaim has not been specifically denied, it is denied.

## AFFIRMATIVE DEFENSES

1.     McCauley's counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

2.     McCauley's counterclaim is frivolous and without justification, and thus entitles the Firm to dismissal and an award of sanctions.

3.     Any damages that McCauley has allegedly suffered were caused in whole or in part by her own conduct, or by the conduct of third parties other than Whiteford.

4.    McCauley's counterclaim is barred, in whole or in part, to the extent that she failed to mitigate her damages, if any.

5.    McCauley fails to allege facts sufficient to state a claim for punitive damages against Whiteford since there was no malice, reckless indifference to McCauley's rights, or willful or wanton conduct attributable to Whiteford.

6.    McCauley acted with unclean hands by, inter alia, engaging in conduct detrimental to Whiteford's interests, and therefore her claims are barred by the doctrine of estoppel.

7.    McCauley was asked to return the Firm's confidential and trade secret information in her possession, which requests were either ignored or denied and, therefore, the initiation of this lawsuit was required to secure the Firm's confidential and trade secret information.

8.    All actions by Whiteford with respect to McCauley were made with justification, were in good faith compliance with all applicable law, regulation, and/or agency guidance and were done without any intent to injure or harm McCauley.

9.    McCauley's claimed damages, if any, were caused by the conduct of other persons or entities over whom/which Whiteford had no control and for whose conduct Whiteford is not liable.

10.    McCauley lacks standing in whole or in part to assert her Counterclaim.

## **RESERVATION OF RIGHTS**

Whiteford reserves the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

Dated: November 5, 2025

Respectfully submitted,

/s/ *Parker E. Thoeni*
Parker E. Thoeni (Bar No. 30250)
Courtney B. Amelung (Bar No. 13422)
Tyler W. Hartney (Admitted Pro Hac Vice)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One South Street, Suite 1800
Baltimore, MD 21202
Telephone: (410) 752-1040
parker.thoeni@ogletree.com
courtney.amelung@ogletree.com
tyler.hartney@ogletree.com

*Attorneys for Plaintiff/Counter-Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2025, a copy of Counter-Defendant's Answer and Affirmative Defenses to Plaintiff Vicky McCauley's Counterclaim was electronically filed and thereby served upon:

David R. Warner
Warner PLLC
1818 Library Street, Suite 500
Reston, VA 20190
dwarner@warnerpllc.com

*Attorney for Defendant/Counter-Plaintiff*

/s/ *Parker E. Thoeni*
Parker E. Thoeni